UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────X

BRICKLAYERS INSURANCE WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY
FUND, BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,       **MEMORANDUM AND ORDER**
NEW YORK CITY AND LONG ISLAND JOINT       13-CV-224 (RRM) (JO)
APPRENTICESHIP AND TRAINING FUND,
INTERNATIONAL MASONRY INSTITUTE,
JEREMIAH SULLIVAN, JR., in his fiduciary
Capacity as Administrator and Chairman of
Trustees, BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF BRICKLAYERS
AND ALLIED CRAFT WORKERS, and
BRICKLAYERS LABOR MANAGEMENT
RELATIONS COMMITTEE,

          Plaintiffs,

    - against -

MANLEY CONSTRUCTION CORP. and
AGNIESZKA KARKOWSKI,

          Defendants.
──────────────────────────────────────────X
ROSLYNN R. MAUSKOPF, United States District Judge.

      On January 14, 2013, plaintiffs, Bricklayers Insurance Welfare Fund (the "Welfare Fund"); Bricklayers Pension Fund (the "Pension Fund"); Bricklayers Supplemental Annuity Fund (the "Annuity Fund"); Bricklayers and Trowel Trades International Pension Fund ("IPF"); New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"); the International Masonry Institute ("IMI"; and, together with the Welfare Fund, Pension Fund, Annuity Fund, IPF, and JATC, the "Funds"); Bricklayers Local 1, International Union of Bricklayers and Allied Craft Workers ("Local 1"); Andrew Solomon, in his fiduciary capacity

("Sullivan");[1] and Bricklayers Labor Management Relations Committee ("LMRC") commenced the instant action against defendants, Manley Construction Corp. ("Manley") and Agnieszka Karkowski, asserting various claims relating to defendants' alleged failure to make payments to certain employee benefit funds and labor unions as federal law and the pertinent contracts require. (*See* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 10).)[2]

Defendants failed to respond to the amended complaint, and the Clerk of Court entered defendants' default on September 27, 2013. (Doc. Nos. 16–17.) On December 23, 2013, plaintiffs moved for a default judgment against both defendants (Doc. No. 18), which the Court referred to Magistrate Judge James Orenstein for a Report and Recommendation ("R&R") (*see* Dec. 27, 2013 Order).

On August 13, 2014, after receiving supplemental submissions from plaintiffs, Judge Orenstein issued an R&R recommending that the Court (1) dismiss the Funds *sua sponte* for lack of standing and (2) grant the remaining plaintiffs (Sullivan, Local 1, and LMRC) (i) a default judgment against Manley in the amount of $230,018.49 (including $142,283.88 in unpaid contributions and remittances; $40,479.48 in interest; $46,805.13 in liquidated damages; and

---

[1] Sullivan is the president of Local 1 and the "Chairman of Trustees, unpaid Administrator, and a fiduciary within the meaning of . . . ERISA, 29 U.S.C. § 1002(21)(A), of the Pension, Annuity and Welfare Funds and the JATC." (*Id.*) The Funds' trustees have authorized Sullivan to sue on their behalf. (*See* Am. Compl. ¶ 4.)

[2] As relevant to the instant motion, plaintiffs make the following allegations against defendants: As to Manley, (1) Sullivan, in his capacity as fiduciary of the Funds, alleges, "under ERISA Sections 1145 & 1132," that Manley owes the Funds unpaid contributions for hours worked by Local 1 bricklayers for the audit periods covering April 1, 2011 through March 31, 2013, plus liquidated damages and interest (Am. Compl.¶¶ 12–15); and (2) Local 1 alleges, under "LMRA Section 301," that Manley owes Local 1 and the LMRC unremitted dues and wage deductions for the audit periods covering April 1, 2011 through March 31, 2013, plus liquidated damages and interest (*id*. ¶¶ 16–19). As to Karkowski, (1) Sullivan, in his capacity as fiduciary of the Welfare Fund and IPF, alleges that Karkowski breached her fiduciary duty, "under Section 404 of ERISA" (i) as to the Pension Fund, by misappropriating certain deductions for use by Manley; and (ii) as to IPF, by paying Manley's creditors and corporate expenses prior to making contributions to IPF (*id*. ¶¶ 20–29); and (2) Local 1 alleges that Karkowski unlawfully converted $23,742.82 in dues and deductions taken from Local 1 bricklayers' wages (*id*. ¶¶ 33–35).

$350 in costs); and (ii) a default judgment against Karkowski, jointly and severally with Manley, for a portion of that award, in the amount of $41,411.24, reflecting a subset of the remittances Manley improperly withheld. (R&R (Doc. No. 23).) Notably, the R&R recognizes that Sullivan has standing to sue on the Funds' behalf; accordingly, the recommendation to dismiss the Funds for lack of standing did not impact the amount of the recommended judgment against defendants.

On August 29, 2014, plaintiffs filed an objection to the R&R, in which they requested that the Court (1) adopt the R&R insofar as it recommends entering judgment against defendants in the amounts described above; but (2) reject the R&R insofar as it recommends that the Court dismiss the Funds for lack of standing. (Objection (Doc. No. 26).)

Shortly thereafter, plaintiffs filed two letters, each of which modified plaintiffs' position. In the first letter, dated September 4, 2014, plaintiffs advised, for the first time, that their action against Manley is subject to an automatic bankruptcy stay because Manley filed a petition for Chapter 11 bankruptcy on April 2, 2014. *See In re Manley Constr. Corp.*, No. 14-41601 (E.D.N.Y. Bankr.). (Doc. No. 27.) As a result, plaintiffs sought to withdraw the instant motion as to Manley but requested that "the default judgment motion go forward as to Karwowski in accordance with Magistrate Judge Orenstein's Recommendation and Report." (*Id.*) In the second letter, dated September 5, 2014, plaintiffs clarified that they did not wish to withdraw their Objection insofar as it relates to the claims against Karkowski. (Doc. No. 28.) Accordingly, plaintiffs' only remaining objection is to the R&R's finding that the Funds (specifically, the Welfare Fund and IPF) lack standing to sue Karkowski under ERISA. (*See* R&R at 5; Am. Compl. ¶¶ 20–29.)

For the reasons that follow, the Court deems the motion as to Manley withdrawn, adopts the portion of the R&R that recommends granting a default judgment against Karkowski in the amount of $41,411.24, and declines to reach the question of the Funds' standing.

## DISCUSSION

The Court reviews *de novo* the portions of an R&R to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3); *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 638 (E.D.N.Y. 2012). Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, No. 07 CV 2319, 2013 WL 5350109, at *1 (E.D.N.Y. Sept. 23, 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). Objections that offer only perfunctory responses, merely reiterate arguments already made and rejected, or state a general disagreement with the outcome are also reviewed for clear error. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07 CV 1112, 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (quoting *Nielsen v. New York City Dep't of Educ.*, No. 04 CV 2182, 2007 WL 1987792, at *3 (E.D.N.Y. July 5, 2007)) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). After reviewing the R&R, the Court may accept, reject, or modify its findings or recommendations, receive further evidence, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(l)(C).

In the R&R, Judge Orenstein found that although Sullivan, as the Funds' fiduciary, has standing under ERISA to sue Karkowski on the Funds' behalf, the Funds (as relevant here, the Welfare Fund and IPF) themselves lack standing to assert claims under ERISA, which has stricter standing requirements than the LMRA. (*See* R&R at 5 (citing 29 U.S.C. §§ 1002(7)–(8), 14(A), (21) (definitions), 1021(f)(1), 1132(a)(3)); *Arch Ins. Co. v. DCM Grp. LLC*, No. 11 CV 0930, 2012 WL 3887098, at *3 n.2 (E.D.N.Y. Aug. 2, 2012) (report and recommendation with same standing analysis involving same Funds), *adopted by* 2012 WL 3887654 (E.D.N.Y. Sept. 7, 2012).)

Plaintiffs make two arguments in support of their Objection. First, relying almost entirely on case law from outside the Second Circuit, they argue that "if the . . . Funds are in fact [due money], they are entitled to bring an action under" not only ERISA, but also the LMRA because they are third-party beneficiaries of the collective bargaining agreement between Manley and Local 1. (*See* Objection at 7.) Second, plaintiffs argue that the R&R's findings regarding the Funds' lack of ERISA standing are "unsupported by any case law" besides *Arch*. (*Id*. at 8). While plaintiffs acknowledge that they "must now overcome" *Arch* as "an adverse precedent," they emphasize that the *Arch* court adopted that R&R after reviewing it for clear error only, as neither the Funds nor any other party objected thereto. (*Id*. at 7.)

The Court finds that it need not reach the question of the Funds' standing. Even if plaintiffs are correct that the Funds could have sued under the LMRA, they did not. Rather, the Funds, which the Court notes are represented by both a fiduciary and counsel, expressly asserted their causes of action under specific provisions of ERISA, and not under the LMRA (unlike Local 1 and LMRC, which expressly asserted their causes of action under Section 301 of the LMRA, and not under ERISA). (*See* Am. Compl. ¶¶ 12–15, 20–29.) Plaintiffs neither

5

acknowledge this inconvenient truth nor offer any argument as to why the Court should construe their claims as LMRA claims. Further, insofar as the ERISA claims are concerned, there is no dispute that Sullivan, as the Welfare Fund and IPF's fiduciary, has standing to collect the judgment on their behalf. (*See* R&R at 5.)[3] In other words, the Welfare Fund and IPF's recovery against Karkowski is not genuinely at issue. For these reasons, the Court declines to decide the question of whether the Funds would have had standing to sue under ERISA if Sullivan had not sued as their fiduciary.[4]

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court has reviewed, for clear error, the portion of the R&R recommending that it grant a default judgment against Karkowski in the amount of $41,411.24. Finding no clear error, the Court adopts this portion of the R&R. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, the Clerk of Court is hereby directed to enter judgment against Karkowski in the total amount of $41,411.24.

---

[3] In fact, the amended complaint prefaces every one of the Funds' ERISA claims with a statement that Sullivan, as fiduciary, is making the allegation on the Funds' behalf. (*See id.* ¶¶ 12, 20, 25.)

[4] The Court also notes that despite the Funds' professed eagerness to overcome the "adverse precedent" of *Arch* (Objection at 7), they cite no binding case law to support their assertion that they have standing to sue under ERISA (*see id.* at 8).

## CONCLUSION

For the reasons stated herein, the Court deems plaintiffs' motion as to Manley withdrawn,[5] and adopts the R&R insofar as it recommends granting default judgment against Karkowski in the amount of $41,411.24.  The Clerk of Court shall enter judgment accordingly, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 22, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[5] In light of the bankruptcy stay as to defendant Manley, the Court by separate Order issued this day administratively closes this action with leave to reopen upon letter request within 30 days of the resolution of the bankruptcy proceeding, or upon any other event that would permit the action in this court to move forward.